UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CATHERINE CREECH,**

**Plaintiff,**

**v.** **Case No. 26-C-45**

**SAFETY HOLDINGS, INC.,**
**d/b/a Samba Safety**

**Defendant.**

## DECISION AND ORDER

Plaintiff Catherine Creech filed this action against Defendant Safety Holdings, Inc. d/b/a Samba Safety (Samba) for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*. Plaintiff claims Samba produced consumer reports to Uber that wrongfully reported her driver's license status, which led Uber to deny her employment. Compl., Dkt. No. 1. This matter comes before the Court on cross-motions relating to Defendant's requests for admission and a motion for extension of time, *nunc pro tunc*, to serve discovery responses.

## BACKGROUND

After the parties agreed to accept e-mail service of discovery related documents, Defendant served discovery documents on the Plaintiff, via e-mail, on June 26, 2026. In an email with the subject line "Due Today: Rule 26(f) Report_Creech v Safety Holdings, Inc. [WIED] 1:26-cv-00045-WCG," Defendant attached its first set of interrogatories, requests for production, and requests for admission. Dkt. No. 22-2. Plaintiff did not respond to or object to those discovery requests within 30 days.

On August 7, 2026, Defendant filed a motion to deem the requests for admission admitted, asserting that Plaintiff had failed to respond within the time allotted by Rule 36 of the Federal Rules of Civil Procedure. Dkt. No. 18. Plaintiff states this motion was the "first indication to Plaintiff's counsel that there was *any issue whatsoever* with any discovery responses – or indeed that discovery requests had been served at all." Pl.'s Br. at 3, Dkt. No. 22 (emphasis in original). Plaintiff's counsel inadvertently missed the discovery requests due to their placement in a larger thread of unrelated emails. *Id.* at 4. Although Plaintiff requested an extension in response to Defendant's motion, Defendant declined to permit an extension to respond to the requests for admission. Plaintiff therefore responded to Defendant's motion on August 28, 2026, moving to amend her answers to the requests for admission. Dkt. Nos. 21–22. Plaintiff seeks to amend the following admissions:

> REQUEST FOR ADMISSION NO. 1.: Admit that Plaintiff does not know what criteria Uber used in conducting the background check referenced in Paragraph 14 of the Complaint.
>
> REQUEST FOR ADMISSION NO. 3.: Admit that Plaintiff is currently employed.
>
> REQUEST FOR ADMISSION NO. 5.: Admit that Plaintiff did not incur any out-of-pocket expenses as a result of any allegedly inaccurate information that Safety Holdings included in the MVR.

Dkt. No. 24-2 ¶ 6.

In addition to the dispute over the requests for admission, the parties disagree over the proper course of action on the other discovery requests served in the same e-mail, namely the requests for production and interrogatories. After Defendant filed the motion to deem requests to admit admitted, the parties conferred regarding the status of the discovery requests. Defendant agreed to extend the time to respond to the requests for production and interrogatories to August 17, 2026. On August 14, 2026, Plaintiff filed responses to the requests to admit, the requests for production, and the interrogatories. Two weeks later, Defendant served a discovery deficiency

letter, stating that Plaintiff's objections (but not the responses) to their discovery requests were deemed waived because of their late service. Plaintiff therefore also moves for an extension of time, *nunc pro tunc*, to respond to Defendant's discovery requests. Dkt. No. 21.

**DISCUSSION**

**A. Defendant's motion to deem requests to admit admitted.**

Rule 36 of the Federal Rules of Civil Procedure governs the procedure for serving and responding to requests for admission. According to Rule 36(a), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." There is no dispute that Plaintiff did not respond to Defendant's requests for admission within 30 days of service, and therefore those requests are deemed admitted pursuant to Rule 36.

**B. Plaintiff's motion to amend admitted responses.**

Rule 36(b) states:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

The rule therefore gives the court discretion to permit withdrawal or amendment of an admission, subject to a two-prong test: (1) presentation of the merits of the case; and (2) prejudice to the requesting party. The rule "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Fed. R. Civ. Pro. 36, Notes of Advisory Committee on Rules, 1970 Amendment. "The party requesting to withdraw admissions bears the ultimate burden to prove that the withdrawal is appropriate." *Allianz Glob. Risks U.S. Ins. Co. v. Kutzler Express, Inc.*, No. 15-CV-1047-JPS, 2016 WL 6108774, *2 (E.D. Wis. Oct. 19, 2016).

"In considering whether allowing the withdrawal of admissions would promote the presentation of the merits, the Court may consider a variety of factors including . . . whether the admissions are contrary to the record of the case, and whether the effect of upholding the admissions would be to practically eliminate any presentation of the merits." *Centrifugal Acquisition Corp. v. Moon*, 267 F.R.D. 240, 241 (E.D. Wis. 2010), *overruled on other grounds by Allianz Glob. Risks U.S. Ins. Co.*, 2016 WL 6108774. Here, some of the admissions Plaintiff seeks to withdraw are contrary to the record of the case. In the complaint, for instance, Plaintiff alleges that the "stated reason for the deactivitation [of Plaintiff's Uber account] was that Plaintiff's driver's license was being reported as 'NONE' by Defendant Samba." Compl. ¶ 15, Dkt. No. 1. This conflicts with Request for Admission No. 1, which states that "Plaintiff does not know what criteria Uber used in conducting the background check." Dkt. No. 19-3, Req. Admis. No. 1. Similarly, Request for Admission No. 5, which states that "Plaintiff did not incur any out-of-pocket expenses as a result of any allegedly inaccurate information that Safety Holdings included in the MVR," contradicts the allegation that Defendant's inaccurate reporting led to Plaintiff suffering "actual damages including, but not limited to: job denial, loss of income, wasted time, [and] financial insecurity . . ." Compl. ¶ 66, Dkt. No. 1. Therefore, "if admitted, the Requests for Admission would negate Plaintiff's complaint, preventing Plaintiff from arguing [her] case on the merits." *El-Alaoui v. Faurecia Emissions Control Techs. USA, LLC*, No. 122 CV 00333 HAB SLC, 2023 WL 2596728, *2 (N.D. Ind. Mar. 22, 2023).

Additionally, permitting Plaintiff to withdraw the admissions would better serve the presentation of the merits of the case. The two key components of Plaintiff's case are the background check conducted by Uber and the damage she suffered as a result. Therefore,

permitting Plaintiff to withdraw her admissions on these two issues will promote presentation of the merits of the case.

Prejudice, in the context of Rule 36(b), "does not simply mean that the party who obtained the admissions will now have to argue the merits of the case. Rather, the prejudice must be based on the party's detrimental reliance on such admissions." *Matthews v. Homecoming Fin. Network*, No. 03 C 3115, 2006 WL 2088194, at *3 (N.D. Ill. July 20, 2006) (citation omitted). Here, Defendant claims they relied on Plaintiff's admissions by limiting the scope of discovery. Defendant argues that permitting Plaintiff to withdraw her admissions would increase the associated cost of conducting fact discovery. Def.'s Br. at 7. That is not enough to show prejudice. Defendant still has several months to conduct fact discovery, can seek an extension of the discovery deadline if they find it necessary, and was promptly informed of Plaintiff's intent to withdraw the admissions. Defendant's argument "sounds in inconvenience rather than prejudice." *Rowe v. Papa John's Int'l, Inc.*, No. 23 CV 2082, 2025 WL 1399143, *4 (N.D. Ill. May 14, 2025).

In sum, the presentation of the merits of the case would be served by permitting Plaintiff to withdraw her admissions, and Defendant would not be prejudiced by her doing so. Plaintiff's motion to amend her admissions is granted.

**C. Plaintiff's motion for extension of time, *nunc pro tunc*, to serve discovery responses.**

FRCP 6(b) states that a court may, for good cause, extend the time for a party to respond to discovery requests, "on motion made after the time has expired if the party failed to act because of excusable neglect." The Supreme Court has stated that a finding of excusable neglect

> is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (finding that the *Pioneer* definition applies in the context of Rule 6(b)).

Here, the circumstances show that Plaintiff's motion for an extension of time to serve discovery responses should be granted. Plaintiff's counsel asserts that he was unaware of any pending discovery requests when the deadline to answer and object passed. Understandably so—the discovery requests were included in a chain of unrelated emails, and the subject line did not include any indication that the email included such important discovery documents. *See* Dkt. No. 22-2. Although, in an ideal world, Plaintiff's counsel would have kept a closer eye on his e-mail inbox, this was an understandable oversight.

Plaintiff's counsel served responses and objections to the discovery requests promptly after being made aware that the requests were outstanding. This suggests that Plaintiff's counsel acted in good faith. *See Bivins v. Rogers*, No. 15-CV-81298, 2016 WL 10571036, *1–2 (S.D. Fla. Dec. 16, 2016) (finding that "Plaintiff did act in good faith and that his counsel simply overlooked the email which constituted the service of discovery requests" when the discovery request was served via email "with an insufficiently detailed subject line").

The delay here was also quite minimal. As soon as Plaintiff's counsel discovered the outstanding discovery requests, he worked to complete responses and objections to them. He promptly served them on Defendant just seven days later. Fact discovery remains open for another two months and Plaintiff's deposition has not yet been taken. Dkt. No. 22 at 9. Therefore, Defendant has adequate time to further develop its case and serve additional discovery requests on the Plaintiff in light of the objections to the first set of discovery. Thus, Defendant would not be prejudiced by the extension of time Plaintiff requests.

In opposition to Plaintiff's requested relief, Defendant cites a variety of cases holding that an attorney's inattentiveness to litigation or calendaring error does not amount to "excusable neglect" under Rule 6. Dkt. No. 24 at 13. The Court notes that this case does not present such a situation, as the delay in Plaintiff's response was not due to sheer inattentiveness or error. Even if it did, however, the Seventh Circuit has held that "attorney carelessness can constitute excusable neglect." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004); *see also Ruiz v. Carmeuse Lime, Inc.*, No. 2:10-CV-21-PRC, 2011 WL 3290376 (N.D. Ind. July 14, 2011) (finding excusable neglect under Rule 6(b) after counsel failed to timely respond due to an inadvertent calendaring error). Here, as discussed above, Plaintiff's counsel has shown that any inattentiveness or error on his part was excusable.

The Court therefore grants an extension of time, *nunc pro tunc*, to respond to Defendant's first set of requests for production and first set of interrogatories to August 17, 2026. In other words, the responses and objections to the discovery requests that Plaintiff served on August 14, 2026, are deemed timely.

## CONCLUSION

For the foregoing reasons, Defendant's motion to deem requests to admit admitted (Dkt. No. 18) is **GRANTED**. Plaintiff's cross-motion to amend the admitted responses and motion for extension of time, *nunc pro tunc*, to serve discovery responses (Dkt. No. 21) are **GRANTED.**

Dated at Green Bay, Wisconsin this 13th day of October, 2026.

William C. Griesbach
United States District Judge